UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONARCH PRODUCTIONS, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV02049 ERW |
| | ) | |
| ZEPHYR GRAFIX, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' oral request for the Court to reconsider the amount of the injunction bond set in this case. A hearing was held on this matter on May 7, 2010.

On May 4, 2010, this Court issued a Memorandum and Order [doc. #66], which granted Plaintiffs' Motion for Preliminary Injunction, and ordered Plaintiffs to post a bond of $5,000.00 as security. Defendants argue that this bond does not adequately protect them against potential harm if it is later determined that the injunction was wrongfully entered.

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The Eighth Circuit has clearly established that "[t]he amount of the bond rests within the sound discretion of the trial court." *Stockslager v. Carroll Elec. Coop. Corp.*, 528 F.2d 949, 951 (8th Cir. 1976); *see also Hill v. Xyquad, Inc.*, 939 F.2d 627, 632 (8th Cir. 1991) ("Although we allow the district court much discretion in setting bond, we will reverse its order if it abuses

that discretion due to some improper purpose, or otherwise fails to require an adequate bond or to make the necessary findings in support of its determinations.").

The Court is persuaded by Defendants' arguments that the $5,000.00 injunction bond ordered by this Court is inadequate. The Court is not, however, prepared to set bond in the amount requested by Defendants due to the obvious strength of Plaintiffs' case. "A district court can properly 'fix the amount of the bond' when 'the risk of harm is remote.'" *United Healthcare Ins. Co. v. Advance PCS*, 316 F.3d 737, 745 (8th Cir. 2002) (quoting *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 n.3 (4th Cir. 1999)). Moreover, if Defendants do suffer harm above and beyond the amount of the bond, "they are free to pursue [Plaintiffs] . . . for the full extent of the damages. The . . . bond is a security device, not a limit on the damages the . . . defendants may obtain against [Plaintiffs] if the facts warrant such an award." *Minn. Mining & Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1309 (8th Cir. 1997). Thus, the Court will vacate its previous Order, setting the injunction bond at $5,000.00, and instead order Plaintiffs to post an injunction bond of $75,000.00.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's prior Order setting an injunction bond of $5,000.00 is **VACATED**. The Order granting the preliminary injunction remains effective.

**IT IS FURTHER ORDERED** that Plaintiffs shall post an injunction bond of $75,000.00.

Dated this 9th Day of June, 2010.

                                              E. RICHARD WEBBER
                                              UNITED STATES DISTRICT JUDGE