UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONARCH PRODUCTIONS, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV02049 ERW |
| ) | |
| ZEPHYR GRAFIX, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Protective Order Regarding the Scope of Deposition Pursuant to Federal Rules of Civil Procedure, Rule 26(c) [doc. #96]. The Court held a hearing on this Motion on September 21, 2010. Following the hearing, and pursuant to the request of this Court, Plaintiffs submitted their fee agreement with counsel for *in camera* review. Plaintiffs also supplied case law supporting their Motion for Protective Order.

Plaintiffs seek a protective order from this Court, prohibiting Defendants from conducting discovery into Plaintiffs' agreements with their counsel regarding attorney's fees and costs. Defendants have sought from Plaintiffs testimony and written discovery on their fee agreement with their counsel. Plaintiffs argue that these discovery requests are improper as they seek the disclosure of attorney client privileged information. They also argue that the information sought is irrelevant in that the financial arrangement has little to no effect on the amount of reasonable attorney's fees they could collect if they prevail on the merits.

Defendants, for their part, argue that fee agreements in general are not privileged and that the fee agreement at issue in this case is reasonably calculated to lead to the discovery of

admissible evidence. They also argue that mediation in this case is scheduled to take place soon, and attorneys fees will be a major factor in the demands that Plaintiffs make. Finally, they argue that to the extent that any fee agreement contains legal advice or confidential information, the proper approach is to redact that information.

The Court has reviewed the fee agreement between Plaintiffs and their counsel, and finds that the agreement is not relevant at this time. The fee agreement requires the payment of a flat fee and an additional contingency fee, and does not include a discussion of hourly rates. If it becomes clear that an award of attorney's fees is appropriate in this case, the Court will begin with a determination of the "lodestar," "which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). Information about the flat fee and any contingency fee that Plaintiffs are required to pay to counsel is not relevant to the lodestar calculation. *See EEOC v. HBE Corp.*, 1994 WL 376273, at *2 (E.D. Mo. May 19, 1994). To the extent that the Court decides to consider additional factors in awarding attorney's fees, the fee agreement may become relevant to the Court's analysis, and Plaintiffs can produce the agreement at that time. *See In re McDonnell Douglas Corp. Sec. Litig.*, 92 F.R.D. 761, 763 (E.D. Mo. 1981) ("The appropriate time for inquiry into fee arrangements is after judgment under Rule 69 of the Federal Rules of Civil Procedure.").

The Court also finds that the fee agreement is protected by the attorney client privilege. Upon review of the fee agreement at issue, the Court believes that the document contains material that would give Defendants insight into the trial strategy of Plaintiffs. As set forth by United States District Judge Donald J. Stohr,

2

> The Court recognizes that ordinarily fee arrangements between client and counsel and the logistics of the payments involved are not matters to which attorney-client privilege attaches, as they are not deemed to be communicative. Numerous courts have recognized, however, that particular circumstances may warrant a different conclusion and the application of an exception to that general principle . . . . The confidential communications exception, which we have recognized on another occasion, protects client identity and fee information if, by revealing the information, the attorney would necessarily disclose confidential communications.

*Comcast of Ill. X, LLC v. Multivision Elecs., Inc.*, 2007 WL 1527849, at *1-2 (E.D. Mo. May 23, 2007) (internal citations, internal quotations, and footnote omitted). The Court believes that disclosure of the fee agreement in this case would disclose confidential communications between Plaintiffs and their counsel. Thus, the Court finds that the fee agreement is protected by the attorney-client privilege.

Because the Plaintiffs' fee agreement with counsel is both irrelevant and protected by the attorney-client privilege, the Court will grant Plaintiffs' Motion for Protective Order, prohibiting Defendants from conducting discovery into Plaintiffs' agreements with counsel regarding attorney's fees and costs

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Protective Order Regarding the Scope of Deposition Pursuant to Federal Rules of Civil Procedure, Rule 26(c) [doc. #96] is **GRANTED**.

Dated this 23rd Day of September, 2010.

                                                    E. RICHARD WEBBER
                                                  UNITED STATES DISTRICT JUDGE